1  Janie L. Frank, Texas Bar No. 07363050
   Email: frankj@sec.gov
2  U.S. Securities and Exchange Commission
3  801 Cherry Street, Suite 1900, Unit #18
   Fort Worth, Texas 76102
4  Telephone:  (817) 978-6478
5  Facsimile:   (817) 978-4927

6  Local Counsel:
7  Douglas Miller, California Bar No. 240398
   Email:  millerdou@sec.gov
8  Securities and Exchange Commission
9  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
10 Telephone: (323) 965-3837
11 Facsimile: (213) 443-1904

12

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | CONSENT OF DEFENDANT ROBERT C. OWEN |
| vs. | |
| JACK D. MASSIMINO and ROBERT C. OWEN, | |
| Defendants. | |

25        1.      Defendant Robert C. Owen ("Defendant") waives service of a summons

26  and the complaint in this action, enters a general appearance, and admits the Court's

27  jurisdiction over Defendant and over the subject matter of this action.

28        2.      Without admitting or denying the allegations of the complaint (except as

1

provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m], and Rules 12b-20, 13a-1, and 13a-11 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and240.13a-11]; and

        (b)    orders Defendant to pay a civil penalty in the amount of $20,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)] .

3.      The civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to

1  payment made pursuant to any insurance policy, with regard to any civil penalty

2  amounts that Defendant pays pursuant to the Final Judgment, regardless of whether

3  such penalty amounts or any part thereof are added to a distribution fund or otherwise

4  used for the benefit of investors.  Defendant further agrees that he shall not claim,

5  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or

6  local tax for any penalty amounts that Defendant pays pursuant to the Final

7  Judgment, regardless of whether such penalty amounts or any part thereof are added

8  to a distribution fund or otherwise used for the benefit of investors.

9        5.      Defendant waives the entry of findings of fact and conclusions of law

10  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

11        6.      Defendant waives the right, if any, to a jury trial and to appeal from the

12  entry of the Final Judgment.

13        7.      Defendant enters into this Consent voluntarily and represents that no

14  threats, offers, promises, or inducements of any kind have been made by the

15  Commission or any member, officer, employee, agent, or representative of the

16  Commission to induce Defendant to enter into this Consent.

17        8.      Defendant agrees that this Consent shall be incorporated into the Final

18  Judgment with the same force and effect as if fully set forth therein.

19        9.      Defendant will not oppose the enforcement of the Final Judgment on the

20  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

21  Civil Procedure, and hereby waives any objection based thereon.

22        10.      Defendant waives service of the Final Judgment and agrees that entry of

23  the Final Judgment by the Court and filing with the Clerk of the Court will constitute

24  notice to Defendant of its terms and conditions.  Defendant further agrees to provide

25  counsel for the Commission, within thirty days after the Final Judgment is filed with

26  the Clerk of the Court, with an affidavit or declaration stating that Defendant has

27  received and read a copy of the Final Judgment.

28        11.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims

asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the

complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code. [11 U.S.C. § 523(a)(19)].  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable

1   notice; (ii) will accept service by mail or facsimile transmission of notices or

2   subpoenas issued by the Commission for documents or testimony at depositions,

3   hearings, or trials, or in connection with any related investigation by Commission

4   staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of

5   such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives

6   the territorial limits on service contained in Rule 45 of the Federal Rules of Civil

7   Procedure and any applicable local rules, provided that the party requesting the

8   testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-

9   prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction

10  over Defendant in any United States District Court for purposes of enforcing any

11  such subpoena.

12      15.    Defendant agrees that the Commission may present the Final Judgment

13  to the Court for signature and entry without further notice.

14      16.    Defendant agrees that this Court shall retain jurisdiction over this matter

15  for the purpose of enforcing the terms of the Final Judgment.

16

17

18  Dated:    11/28/2018

19                                                  Robert C. Owen

20

21      On _____Nov. 28_____, 2018, Robert C. Owen, a person known to me,

22  personally appeared before me and acknowledged executing the foregoing Consent.

23

24  _____
    Notary Public

25  Commission expires: 7/23/23

26
                        CARRIE M GULLIFORD
27                  NOTARY PUBLIC - STATE OF MICHIGAN
                           COUNTY OF OTTAWA
                    My Commission Expires July 23, 2023
28                  Acting in the County of Kent

6

1 │ Approved as to form:

2

3

4

Debra Wong Yang

5 │ Eric Vandevelde

6 │ Ross Halper
Gibson, Dunn & Crutcher

7 │ 333 South Grand Avenue

8 │ Los Angeles, CA 90071-3197
213-229-7000

9

10 │ Attorneys for Defendant Robert C. Owen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28